IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILMA J. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-4227-GPM |
| | ) |
| TECO BARGE LINES, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter came before the Court on June 12, 2006, for a hearing on Defendant's motion for summary judgment. For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff, Wilma Campbell, worked for Teco Barge Lines as a cook. Campbell claims that she was injured while unloading groceries as part of her duties as a member of the crew aboard the M/V Marge Kovac in November 2001. She filed a two count complaint against Teco on November 1, 2004, alleging that Teco was negligent under the Jones Act (Count I) and that the M/V Marge Kovac was unseaworthy (Count II).

Campbell's claims are limited to one incident: unloading a grocery order which was put on the M/V Marge Kovac before November 12, 2001. Campbell claims that the grocery order was unusually large; there is a factual dispute over who placed the order – whether it was Campbell herself, or another cook, Theresa Hestead. The groceries were brought on board by other members of the crew and placed all over the galley and the dining room. Campbell had to pick up boxes from

the floor to make a pathway to get to the freezer, and she claims she had no help – even though she needed it.

Specifically, Campbell alleges that Teco was negligent in the following ways:

    a.    fail[ing] to provide plaintiff with a reasonably safe place to work; and/or

    b.    fail[ing] to provide plaintiff with safe and suitable equipment with which to perform her job duties; and/or

    c.    fail[ing] to provide adequate help, manpower and assistance to perform the work; and/or

    d.    requir[ing] plaintiff to perform repetitive and excessive lifting and excessive manual work under the conditions and considering her capacity.

(Complaint, Count I, at para. 6) She also claims that the M/V Marge Kovac was unseaworthy because "there was inadequate manpower and crew to enable [her] to safely and properly perform her job duties; and/or there was inexperienced help and crew at the time and place required; and/or there was inadequate equipment to enable plaintiff to safely and properly perform her job duties." (Complaint, Count II, para. 6)

Teco argues that it is entitled to judgment as a matter of law because Campbell has failed to produce any evidence of negligence or that Teco had notice of any alleged dangerous conditions. According to Teco, Campbell never complained that she needed equipment or other crew members to help her put away the groceries. Further, Teco argues that the evidence establishes that it was reasonable for it to expect that Campbell could put away groceries without equipment or help from crew members.

In response, Campbell argues that she did complain about the large grocery order, but her complaints fell on deaf ears. She also points out that several months before this incident she was

told by the Captain that the other crew members did not have to help the cooks put away groceries.

## DISCUSSION

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

The Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury . . . . " 46 U.S.C. § 688(a). To prevail against her employer, Campbell must prove (1) personal injury in the course of her employment; (2) negligence; and (3) causation to the extent that her employer's negligence was the cause "in whole or in part" or her injury. *See Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432 (4th Cir. 1999).

Jones Act plaintiffs "have a lighter evidentiary burden than plaintiffs who allege personal injury in the usual context, and this awareness of the low evidentiary threshold for submitting claims

to the jury counsels caution when considering whether to grant summary judgment to defendants" in Jones Act cases. *Bavaro v. Grand Victoria Casino*, No. 97-C-7921, 2001 WL 289782, at *2 (N.D. Ill. Mar. 15, 2001). This evidentiary standard, sometimes described as "featherweight", *see Cella v. United States*, 998 F.2d 418, 427 (7th Cir. 1993), means that Teco is liable if it knew or should have known of a potential hazard in the workplace yet failed to exercise reasonable care to protect Campbell. *See Moreno v. Grand Victoria Casino*, 94 F.Supp.2d 883, 893 (N.D. Ill. 2000). "Reasonable care is determined in light of whether or not a particular danger was foreseeable." *Id.* And foreseeability is a fact issue; it should be decided by the jury so long as "the proofs justify with reason the conclusion that employer negligence played any part . . . in producing the injury or death for which damages are sought." *Id.* at 894.

Although skimpy, there is evidence from which a jury could conclude that Teco knew of the risks of injury associated with Campbell manually lifting the items in this grocery order. There is some evidence that Campbell asked for help on the relevant occasion and had been told in the past that deckhands were not to help her put away groceries. There is also evidence that Campbell was lifting items weighing 60 pounds, twice the minimum lifting requirements of the job and in excess of the maximum "Grip/Hold/Pull" requirements. (*See* Doc. 36, Exhibit 4.) While the Court believes it will be hard to tie up these issues in front of a jury, Campbell has produced enough evidence to survive summary judgment.

## CONCLUSION

Accordingly, the motion for summary judgment (Doc. 32) is **DENIED**. A final pretrial conference will be held on **Monday, July 31, 2006, at 3 p.m.** Counsel is encouraged to consult the Court's website at www.ilsd.uscourts.gov for specific information concerning the undersigned's

pretrial requirements.  A firm trial date will be assigned at the final pretrial conference.

**IT IS SO ORDERED.**

DATED: 7/5/06

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge